UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATIONAL CITY BANK                                                          PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:09CV-525-S

DOUGLAS T. BREEDEN                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Douglas T. Breeden, to transfer the action to the United States District Court for the Middle District of North Carolina, pursuant to 28 U.S.C. § 1404(a).  In this action, National City Bank seeks to recover for the alleged breach of two promissory notes securing loans made to Breeden.  Breeden, a professor at Duke University, is a resident of Chapel Hill, North Carolina.  Breeden does not dispute that venue is proper here, but seeks transfer to North Carolina on grounds of convenience.

Breeden bears the burden of showing that transfer is appropriate.  *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric 'interest of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006).  "In determining whether to order transfer, relevant factors to be considered include (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and

the interests of justice based upon the totality of the circumstances.  *Kattula v. Jade*, 2007 WL 1695669 (W.D.Ky. June 8, 2007), *quoting, Kentucky Speedway, LLC v. Nat'l Association of Stock Car Racing, Inc.*, 406 F.Supp. 2d 751 (E.D.ky. 2005).  In this calculus, the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiffs' choice of forum.  *Rutherford v. Goodyear Tire & Rubber* Co., 943 F.Supp. 789, 791 (W.D.Ky. 1996), *quoting, Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 505 (1947); *Costco Wholesale Corp. v. Liberty Mutual Insurance Company*, 472 F.Supp.2d 1183 (S.D.Cal. 2007).

The disputed issue before this court is whether convenience matters can override the plaintiff's chosen forum and the forum selection clauses found in the notes.

We start from the premise that the plaintiff's choice of forum should be respected, and valid forum selection clauses should be enforced.  Breeden contends that his witnesses, "including Defendant, Defendant's employees and consultants, Plaintiff's representatives, and other's familiar with Defendant's business dealings" (Mo. to Transfer, p. 5), are located in North Carolina.  This is an action for default on a number of notes.  The defendant has not offered any insight into the suggested importance of testimony from Breeden's employees, consultants, and persons familiar with his business dealings in such a matter.  A generalization that important witnesses are located in North Carolina is insufficient to meet the requirement of a substantial showing that transfer is warranted.

The documents in issue indicate the following:

1.  The 2006 Note identifies the "state" (presumably the state where the note was made) as Kentucky.  The Note recites National City's banking office at 101 South Fifth Street, Louisville, Kentucky.  The forum selection clause states that an action may be brought in any federal or state court located in the jurisdiction in which National City's banking office is located.  The Note states that it is governed by the law (excluding conflict of laws rules) of the jurisdiction in which National City's banking office is located.

2. The 2006 Addendum executed on the same date recites the "state" as Kentucky and is made a part of the 2006 Note.

3. The Stock Pledge Agreement entered into in September 2008 states that it is governed by Kentucky law.

4. The 2008 Note identifies the "state" as North Carolina. The Note recites National City's banking office at 101 South Fifth Street, Louisville, Kentucky. The forum selection clause states that an action may be brought in any federal or state court located in the jurisdiction in which National City's banking office is located. The Note states that it is governed by the law (excluding conflict of laws rules) of the jurisdiction in which National City's banking office is located.

5. The 2008 Addendum executed on the same date recites the "state" as Kentucky and is made a part of the 2008 Note.

6. The 2008 later Addendum to the Notes does not indicate a "state," as in the other Addenda. This Addendum purports to modify certain terms in the 2006 and 2008 Notes.

In sum, all of the documents (but the 2008 later Addendum which contains no specification) specify that suit shall be brought in and documents be governed by the law of the state in which National City's banking office is located. In all of the documents which so indicate, National City has specified its Louisville, Kentucky banking office at 101 South Fifth Street.

Breeden contends that the forum selection provisions are unenforceable because they are tied to the language "jurisdiction in which Bank's banking office is located," and National City has banking offices all across the country.[1] Breeden urges that since (1) defendant is a resident of Chapel Hill, North Carolina, (2) he conducted business with National City at its office there, (3) the parties are amenable to process in North Carolina, (4) the action "might have been brought" there,

---

[1] He also urges that the 2008 Addendum (Exhibit E to the complaint) lists the banking office as Chapel Hill, North Carolina. The court can find no such reference. The Addendum identifies Chapel Hill, North Carolina as the making of the Addendum, and states that the Addendum is made a part of the 2008 Note. The 2008 identifies National City's Banking Office at 101 South Fifth Street, Louisville, Kentucky.

and (5) any judgment may be enforced there but not in Kentucky, the interests favor transferring the suit to North Carolina.

However, Breeden has not shown that the forum selection clauses which are embodied within the documents he signed are unclear or unreasonable. These loan transactions between sophisticated parties should be enforced according to their terms. National City chose to file suit in this court, in accordance with provisions to which Breeden agreed. Breeden's basis for transfer is that he is an individual residing in North Carolina, and he would be burdened by being forced to litigate National's City's claims on the Notes in Louisville. However, there has been no suggestion that Breeden is impecunious. These loans were for millions of dollars. A disparity in resources between the parties which would affect the ability to effectively litigate in Kentucky has not been shown. No logistical problems with regard to access to documents, witnesses, or the like have been identified. Further, although he contends that he did business with National City in North Carolina, the 2006 Note and Addendum recite the "state" as Kentucky.

Breeden has failed to make a strong showing in favor of transfer over the plaintiff's choice of forum, Breeden's own agreement to this forum and to the application of Kentucky law through the provisions contained in the documents in issue.

Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Douglas T. Breeden, to transfer (DN 4) is **DENIED.**

**IT IS SO ORDERED.**

October 27, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

- 4 -